**WO**  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Belia Hurtado Cruz, | No. CV-16-02048-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, | |
| Defendant. | |

At issue is Plaintiff Belia Hurtado Cruz's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). Having determined that Plaintiff is unable to pay the Court's fees, the Court will grant the Application.

In her Application, Plaintiff also notes that she filed for Chapter 7 bankruptcy protection in 2016 in the District of Arizona, Case No. 16-BK-013190-MCW, and the Bankruptcy Court apparently discharged her debts on June 2, 2016. Because a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking, *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004), the Court *sua sponte* examines Plaintiff's standing to bring this case.

It appears Plaintiff's claims in this lawsuit accrued before she filed for bankruptcy protection, and thus the trustee in her bankruptcy proceeding may have become the real party in interest with regard to her claims. *See* 11 U.S.C. § 541(a); *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004). However, the debtor in a bankruptcy

proceeding may exempt certain claims, such as those for social security disability benefits, from the property of the bankruptcy estate under the applicable federal or state law. *See* 11 U.S.C. § 522(d). To do so, the debtor must first schedule the claims and then list them as exempt in the bankruptcy proceeding. *See In re Varney*, 449 B.R. 411, 416-17 (D. Idaho 2011); 11 U.S.C. §§ 522, 541.

The Court has no evidence before it that Plaintiff properly scheduled and exempted her claims in this lawsuit in her bankruptcy proceeding, or that the trustee otherwise properly abandoned Plaintiff's present claims, and thus the Court cannot determine if Plaintiff has standing to bring these claims. The Court will thus ask Plaintiff to provide evidence demonstrating her standing in this case.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is granted. Plaintiff is responsible for service of the Summons and Complaint on Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure, and may serve the Summons and Complaint by waiver under Rule 4(d).

IT IS FURTHER ORDERED that, within 14 days of the date of this Order, Plaintiff shall file a brief not to exceed five pages and supporting evidence demonstrating that she scheduled her present claims in her bankruptcy proceeding and that she has standing to bring these claims in this Court.

Dated this 29th day of June, 2016.

Honorable John J. Tuchi
United States District Judge