**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Belia Hurtado Cruz,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-16-02048-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Belia Hurtado Cruz's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 27, "Pl.'s Br."), Defendant Social Security Administration Commissioner's Opposition (Doc. 28, "Def.'s Br."), and Plaintiff's Reply (Doc. 29, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 23, R.) and now reverses the Administrative Law Judge's decision (R. at 32-41) as upheld by the Appeals Council (R. at 1-4).

**I.  BACKGROUND**

Plaintiff filed her Application on December 5, 2011 (R. at 189-91), for a period of disability originally beginning April 9, 2011, but later amended by Plaintiff to September 1, 2011 (R. at 53-54, 189). Plaintiff's claim was denied initially on July 31, 2012 (R. at 113-16), and on reconsideration on February 26, 2013 (R. at 118-20).

Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on December 17, 2014. (R. at 49-73.) On February 13, 2015, the ALJ denied Plaintiff's Application. (R. at 32-41.) On April 26, 2016, the Appeals Council upheld the ALJ's decision. (R. at 1-4.) The present appeal followed.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of diabetes mellitus, degenerative disc disease ("DDD"), osteoarthritis, cervical spondylosis, fibromyalgia, left shoulder impingement, left lateral epicondylitis ("tennis elbow"), left trigger thumb, right ankle posterior tibialis tendinitis, and obesity (R. at 34), but that Plaintiff has the residual functional capacity ("RFC") to perform skilled sedentary work with some limitations, including her past work as a customer service representative, such that Plaintiff is not disabled under the Act (R. at 40-41).

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two principal arguments for the Court's consideration: (1) the ALJ erred in weighing the opinions of the treating physicians and the state agency non-examining physicians; and (2) the ALJ erred in finding Plaintiff's testimony less than fully credible. (Pl.'s Br. at 9-25.)

### A. The ALJ Assigned Improper Weight to the Assessments of Plaintiff's Treating Physicians and the State Agency Physicians Considering the Record as a Whole

Plaintiff first argues the ALJ committed reversible error by assigning inadequate weight to the assessment of two of Plaintiff's medical care providers, Dr. Ehteshami and

Dr. Keller. (Pl.'s Br. at 9-22.) The Ninth Circuit has stated that an ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996)). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.*

In this instance, the opinions of Plaintiff's treating doctors were contradicted only by the opinions of the non-examining state agency physicians, who themselves simply relied on Plaintiff's treatment records. The Court agrees with Plaintiff (Reply at 6) that it would be difficult to consider the opinions of the non-examining state agency physicians, standing alone, to be substantial evidence sufficient to contradict the treating physicians' opinions. The medical opinions of Plaintiff's treating physicians are largely consistent, and thus the ALJ was required to provide clear and convincing reasons to reject them. But the Court finds that the ALJ failed to provide adequate reasons to reject the treating physicians' opinions under either standard—clear and convincing or specific and legitimate.

The ALJ's reason, in its entirety, for rejecting the opinion evidence of Dr. Ehteshami, Plaintiff's treating orthopedic doctor, is that the opinions were "conclusory, with no attached narrative and unsupported by objective evidence." (R. at 39.) The record does not bear this out. Dr. Ehteshami treated Plaintiff's multiple spinal conditions from September 2011, when Plaintiff underwent spinal surgery in the form of a two-level cervical discectomy and fusion, through at least mid-2013. He examined Plaintiff's physical condition regularly; treated her for cervical, thoracic and lumbar spinal pain and associated symptoms as well as knee pain and carpal tunnel syndrome; and referred Plaintiff to physical therapy, pain management, a rheumatologist for fibromyalgia, and an arthritis specialist—all of which treatment Plaintiff sought. (R. at 410-16, 521-24, 826-46.) Dr. Ehteshami's treatment notes were narrative and detailed— not "conclusory"—and supported by cited objective evidence in the form of MRI and x-

ray images and physical examinations. (R. at 410-16, 521-24, 826-46.) As but one example, on April 10, 2012, Dr. Ehteshami's physical examination of Plaintiff revealed that she had significant difficulty sitting and standing, and he noted her continued problems including "the cervical spine with a significant degree of arthritis, her thoracic spine, her lumbar spine, as well as continued radicular symptoms and neuropathy in her hands and legs." (R. at 522-23.) Viewed in the light of his extensive treatment notes, the functional capacity form Dr. Ehteshami completed on August 5, 2013 (R. at 844-46) was not conclusory, lacking in narrative, or unsupported by objective evidence, as the ALJ states. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014); *Orn*, 495 F.3d at 634. Thus, the ALJ failed to provide sufficient reasons to reject Dr. Ehteshami's medical assessments of Plaintiff.

The same goes for the ALJ's evaluation of the medical opinions of Plaintiff's primary care physician, Dr. Keller. The ALJ provided the same terse reasoning for rejecting Dr. Keller's opinions: "conclusory, with no attached narrative and unsupported by objective evidence." (R. at 40.) But, as with Dr. Ehteshami, the record reveals Dr. Keller's detailed treatment notes for Plaintiff over a course of years based on physical examinations and other objective evidence. (R. at 432-34, 645-60, 822-25, 911-19, 994-1003, 1026-30.) The functional capacity assessment Dr. Keller performed, when informed by his extensive treatment of Plaintiff, was detailed, narrative, and supported by objective evidence. *See Burrell*, 775 F.3d at 1140; *Orn*, 495 F.3d at 634. Thus, the ALJ improperly rejected the assessments by Plaintiff's treating physicians.

The ALJ based her finding that Plaintiff is not disabled on the opinions of two state agency physicians who did not examine Plaintiff. Moreover, those opinions were not supported by other medical assessments of Plaintiff in the record, including those of Plaintiffs' treating physicians discussed above. This too was error on the part of the ALJ. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1201-02 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d at 831. For these reasons alone, the Court must reverse the ALJ's decision.

## B. The ALJ Improperly Weighed Plaintiff's Testimony

Plaintiff also argues that the ALJ erred in her consideration of Plaintiff's symptom testimony (Pl.'s Br. at 19-25), and the Court agrees. An ALJ must provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because "pain testimony may establish greater limitations than can medical evidence alone." *Id.* The ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony, but that cannot form the sole basis for discounting the testimony. *Id.* at 681.

In her evaluation of Plaintiff's symptom testimony (R. at 37-38), the ALJ does precisely what the Ninth Circuit has instructed not to do: concluded that the severity or extent of Plaintiff's reported symptoms is not supported by the ALJ's reading of the objective medical evidence. *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). The ALJ also discounted Plaintiff's testimony of pain and other limitations by finding it was inconsistent with her reports of daily activities. (R. at 39.) For example, she found that Plaintiff's ability to go to grocery store, visit her father, go to the car wash, or go to doctor's appointments was inconsistent with her pain symptoms, though the inconsistency is not clear to the Court. Likewise, the ALJ's other examples of inconsistencies are unsupported or lack specificity. *See Zavalin v. Colvin*, 778 F.3d 842, 848 (9th Cir. 2014) (finding ALJ improperly relied on a claimant's activities where there was insufficient evidence as to the extent, manner or complexity of the activities). As a result, the ALJ erred by failing to provide the requisite specific, clear and convincing reasons for rejecting Plaintiff's symptom testimony.

### C. The Credit-As-True Rule Applies

Plaintiff asks that the Court apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl.'s Br. at 25-27.) The credit-as-true rule only applies in cases that raise "rare circumstances" which permit the Court to depart from the ordinary remand rule under which the case is remanded for additional investigation or explanation. *Treichler*, 775 F.3d at 1099-1102. These rare circumstances arise when three elements are present. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

In this case, the credit-as-true rule applies. As the Court discussed above, the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Plaintiff's treating physicians—who identified limitations inconsistent with Plaintiff's ability to perform even sustained sedentary work—and Plaintiff's symptom testimony. If this evidence is properly credited, the Court sees no significant conflicts or ambiguities that are left for the ALJ to resolve. Moreover, considering the record as a whole, including Plaintiff's testimony as to her physical limitations—which the Court credits as a matter of law—the Court is left with no doubt that Plaintiff is disabled under the Act. *See Garrison*, 759 F.3d at 1022-23; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040-41 & n.12 (9th Cir. 2007).

### IV. CONCLUSION

Plaintiff raises materially harmful error on the part of the ALJ, and, for the reasons set forth above, the Court must reverse the SSA's decision denying Plaintiff's

Application for Disability Insurance Benefits under the Act and remand for a calculation of benefits.

IT IS THEREFORE ORDERED reversing the February 13, 2015 decision of the Administrative Law Judge, (R. at 32-41), as upheld by the Appeals Council on April 26, 2016, (R. at 1-4).

IT IS FURTHER ORDERED remanding this case to the Social Security Administration for a calculation of benefits.

IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 17th day of April, 2018.

Honorable John J. Tuchi
United States District Judge